# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-32645-H4-7 |
| | § | |
| HORIZON WINES, INC. | § | (Chapter 7) |
| | § | |
|   Debtor | § | |

| | | |
|---|---|---|
| LOWELL CAGE, TRUSTEE | § | |
| | § | |
|   Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 14-_____ |
| | § | |
| CHATEAU JULIEN, INC. | § | |
| | § | |
|   Defendant | § | |

## TRUSTEE'S COMPLAINT TO AVOID TRANSFERS

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

    Comes now Lowell T. Cage, Trustee ("Trustee") of the bankruptcy estate of Horizon Wines, Inc. (the "Debtor"), and would respectfully represent to the Court as follows:

### I. JURISDICTION

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547 and 550.  This is a core proceeding.  This Court has authority to render final judgment in this proceeding.  *In re Apex Long Term Acute Care – Katy, L.P.*, 465 B.R. 452 (Bankr. S.D. Tex. 2011).

### II. PARTIES

    2.    Lowell T. Cage, Trustee is the duly appointed chapter 7 Trustee of the bankruptcy estate of Horizon Wines, Inc.

1

3.  Defendant Chateau Julien, Inc. (the "Defendant") is a corporation organized under the laws of the State of California and may be served with citation through its registered agent in the State of California, W. B. Lindley, 8940 Carmel Valley Road, Carmel, CA 93923.

### III. FACTS

4.  This case was commenced by the filing of an involuntary Chapter 7 petition on April 4, 2012 (the "Petition Date"). An Order for Relief was entered in this case on May 23, 2012. Lowell T. Cage was subsequently appointed chapter 7 trustee.

5.  The Debtor was a wine broker who purchased wines from wineries and then sold the wine to companies who eventually sold the wines to the general public. The Debtor's creditors included wineries, mostly located in California, and companies that transported the wine to the Debtor's customers. The Debtor's customers included liquor stores like Spec's, grocery stores and various restaurants across Texas.

6.  The Debtor paid the Defendant the following payments totaling $6,364.84:

| Payment Date | Payment Amount |
|---|---|
| February 3, 2012 | $3,461.84 |
| February 14, 2012 | $2,903.00 |

These payments were made 90 days prior to the Petition Date. True and correct copies of the checks that were presented to the Debtor's bank are attached hereto as **Exhibit "A."** These payments were made for invoices on goods that had been previously shipped to the Debtor.

### IV. COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

7.  11 U.S.C. § 547(b) provides that the Trustee may "avoid any transfer of an interest of the debtor in property...

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

2

(3) made while the debtor was insolvent;

(4) made-

    (A) on or within 90 days before the date of the filing of the petition...

and

(5) that enables such creditor to receive more than such creditor would receive if-

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

8. The transfers to the Defendant described in paragraph 6 were made with assets of the Debtor and:

(1) on account of antecedent debt(s) owed by the Debtor to the Defendant;

(2) while the Debtor was presumptively insolvent pursuant to Section 547(f) of the Bankruptcy Code;

(3) within 90 days prior to the filing of the bankruptcy case, and

(4) that enabled the Defendant to receive a greater distribution than it would have received if the payment(s) had not been made and the Defendant had received payment of such debt to the extent provided by the provisions of the United States Bankruptcy Code.

## VI. RECOVERY OF AVOIDED TRANSFERS

9. The Trustee requests that the transfers detailed in paragraph 6 be avoided as preferential transfers. Section 550(a)(1) of the Bankruptcy Code provides that to the extent a transfer is avoided pursuant to Section 547, the Trustee "may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from the initial transferee of such transfer." Pursuant to Section 550(a)(1), the Trustee requests judgment against the Defendant in an amount not less than $6,364.84.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that:

(1) the payments to the Defendant totaling of $6,364.84 be avoided as preferential transfers pursuant to Section 547 of the Bankruptcy Code;

(2) Trustee be awarded judgment against the Defendant in an amount not less than $6,364.84;

(3) Trustee be awarded prejudgment and post-judgment interest at the highest rate allowed by law;

(4) Trustee be awarded his reasonable costs, attorney's fees and expenses as may be appropriate; and

(5) Trustee be granted such other and further relief as is just.

Respectfully submitted,

*/s/ Theresa Mobley*
THERESA MOBLEY
State Bar No. 14238600
VIANEY GARZA
State Bar No. 24083057

OF COUNSEL:

CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Telephone: (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR
LOWELL T. CAGE, TRUSTEE